UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Case No. 7:19-CR-00024 |
| ) | |
| JOVITO RAJNEESH VAUGHN, ) | |
| ) | |
| Defendant.   ) | |

## DEFENDANT JOVITO RAJNEESH VAUGHN'S CORRECTED MOTION TO DISMISS COUNTS SIX, SEVEN AND EIGHT OF THE SUPERSEDING INDICTMENT

Now comes Defendant Jovito Rajneesh Vaughn ("Vaughn"), by his Court-appointed counsel, pursuant to Rules 7, 8(a) and 12(b)(3) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution and moves to dismiss Counts Six, Seven, and Eight of the Superseding Indictment for duplicity. This motion rests on the grounds that follow.[1]

Standard of Review

1.   Because Vaughn challenges the legal sufficiency of the Superseding Indictment prior to trial, he is entitled to have the counts in issue scrutinized strictly by the Court. The Superseding Indictment is not entitled to liberal construction in favor of the government. United States v. Kingrea, 573 F.3d 180, 191 (4th Cir. 2009); United States v. Darby, 37 F.3d 1059, 1062-63 (4th Cir. 1994)

---

[1] The Court should note too that Count Four is facially defective under Rule 7(c)(1) of the Federal Rules of Criminal Procedure. The grand jury in Count Four charges a conspiracy in violation of 18 U.S.C. § 841(a). But Section 841 codifies a substantive offense rather than the inchoate crime of conspiracy. Nowhere in Count Four does the grand jury comply with Rule 7(c)(1), which requires each count of an indictment to cite the crime charged. Because omission of the required citation is not a basis for dismissal, Vaughn's Motion to Dismiss does not apply to that defective count.

1

Dismissal of Counts Six, Seven and Eight for Duplicity

2. Duplicity is the joining of two offenses in a single count. "Duplicitous indictments present the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." United States v. Robinson, 627 F.3d 941, 957 (4th Cir. 2010). The prohibition against duplicity is rooted in Rule 8(a) of the Federal Rules of Criminal Procedure and the Sixth Amendment.

3. Possession with intent to distribute controlled substances and actual distribution are distinct offenses criminalized in separate clauses of 18 U.S.C. § 841(a)(1). United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999) (declaring "possession with intent to distribute and distribution . . . are two different offenses," each of which requires proof of an element that other offense does not require); see United States v. Luck, 2009 U.S. Dist. LEXIS 5236 (W.D. Va. Jan. 22, 2009) (unpublished Memorandum Opinion attached granting in part and denying in part prisoner's Section 2255 attack upon convictions);[2] see United States v. Ramirez, 182 F.3d 544, 548 (7th Cir. 1999).

4. Applied here, these principles demonstrate that Counts Six though Eight are duplicitous and therefore subject to dismissal upon a timely motion under Rules 8(a) and 12(b)(3) of the Federal Rules of Criminal Procedure. Because possession with intent to distribute drugs and distribution are separate offenses, Randall, 17 F.3d at 209, those crimes must be charged in

---

[2] Judge Moon on pages 19-21 of the attached Memorandum Opinion held the petitioner's appellate counsel was ineffective for failing to challenge the trial court's jury instructions, which permitted jurors to find the defendant guilty for distribution of cocaine when the indictment charged him with possession with the intent to distribute cocaine. The Fourth Circuit subsequently vacated Judge Moon's order and accompanying Memorandum Opinion on other grounds related to ineffectiveness of counsel. United States v. Luck, 611 F.3d 183 (4th Cir. 2010).

separate counts. Particularly since Vaughn raises this rule-based and constitutional objection in advance of trial, the Court should dismiss the duplicitous counts.

## Conclusion

For the foregoing reasons, the Court should grant this Motion to Dismiss Counts Six, Seven and Eight.

JOVITO RAJNEESH VAUGHN

By: s/Paul G. Beers
     Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Jovito Rajneesh Vaughn

## Certificate of Service

I hereby certify that on April 6, 2020, I electronically filed the foregoing Defendant's Jovito Rajneesh Vaughn's Corrected Motion to Dismiss Counts Six, Seven and Eight of the Superseding Indictment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Paul G. Beers
Paul G. Beers