IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:19-CR-00024-5 |
| v. ) | |
| ) | |
| JOVITO RAJNEESH VAUGHN, ) | |
| ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief U.S. District Judge |

**MEMORANDUM OPINION**

This matter is before the court on defendant Jovito Rajneesh Vaughn's motion to dismiss Counts Six (6), Seven (7), and Eight (8) of the Superseding Indictment. Vaughn argues that each of these counts charges two separate offenses: (1) possession with the intent to distribute controlled substances, and (2) distribution of controlled substances. As such, Vaughn argues that these counts must be dismissed as being improperly duplicitous under both the Constitution and the Federal Rules of Criminal Procedure. ECF No. 153. The government responded, denying that the counts are duplicitous. ECF No. 157. The parties waived oral argument and the court rules on the briefs filed, determining that oral argument will not aid the decisional process.

In sum, possession with the intent to distribute and distribution are two separate offenses, each requiring proof of an element that the other does not. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). "[W]here separate evidence is required to prove two charges arising from the same factual situation such charges are separate offenses." United States v. Hawkes, 753 F.2d 355, 358 (4th Cir. 1999). Joining possession and distribution in one count, however, is not necessarily duplicitous. United States v. Sellers, 657 F. App'x 145, 147(4th Cir.

1

2016). When a single act constitutes two violations of the same subsection of a statute, charging both possession and distribution in the same count is not duplicitous. For example, in Hawkes, the defendant's sole act of cultivating marijuana proved both possession and manufacture of controlled substance charges. "Accordingly, it follows that 'to join possession and distribution [or in this case manufacture and possession] in one count may not be duplicitous.'" 753 F.2d at 357 (quoting United States v. Orzechowski, 547 F.2d 978, 986 (7th Cir. 1976). Based on the government's assertion that the same acts prove both possession with intent to distribute and distribution of the drugs charged in Counts Six, Seven and Eight, the court **DENIES** the motion to dismiss.

I.

The superseding indictment in this case contains four counts charging Vaughn with controlled substance offenses. Count Four charges conspiracy to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of methamphetamine, a mixture and substance containing a detectable amount of heroin, a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of fentanyl. Superseding Indictment, ECF No. 46 at 2-3. Count Six charges that on or about September 20, 2017, Vaughn did knowingly and intentionally possess with the intent to distribute and distribute a measurable quantity of a mixture and substance containing a detectable amount of cocaine Id. at 4-5. Count Seven charges that on or about September 22, 2017, Vaughn did knowingly and intentionally possess with the intent to distribute and distribute a measurable quantity of a mixture and substance

containing a detectable amount of cocaine. Id. at 5. Count Eight charges that on or about October 17, 2017, Vaughan did knowingly and intentionally possess with the intent to distribute and distribute a measurable quantity of a mixture and substance containing a detectable amount of cocaine. Id. at 5.

The defendant contends that Counts Six, Seven, and Eight are duplicitous and run afoul of the Fifth and Sixth Amendments to the Constitution and Rule 8(a) of the Federal Rules of Criminal Procedure. ECF No. 153. Defendant claims that to bring both "possession with intent to distribute" and "distribution" within a single count violates the prohibition against fusing two offenses on which a jury may be divided into a single count on which they may nonetheless convict. Id. Defendant argues that possession with intent to distribute and distribution are two separate offenses under the Fourth Circuit's decision in Randall, 171 F.3d at 209, because each one requires proof of an element that the other offense does not. Id.

The government denies that the counts are duplicitous because they do not allege two separate offenses, but rather the violation of a single statute, 21 U.S.C. § 841(a)(1), by multiple means. ECF No. 157 at 1. The government further argues that because it will rely on the same evidence to establish alternative violations of the statute, the counts are not duplicitous. Id. The government cites to a case from this district, United States v. Dykes, in which the court addressed this very question, finding that each count alleging two theories of violation for the same statute was not duplicitous. 2019 WL 3069455 (W.D. Va. Jul. 12, 2019) (holding that because the government intends to produce the same evidence to demonstrate possession with intent to distribute and actual distribution of controlled substances, the counts are not

duplicitous). Vaughn argues that Dykes is wrongly decided and not binding precedent, urging the court to depart from the decision.

II.

Duplicity is "the joining in a single count of two or more distinct and separate offenses." Dykes, 2019 WL 3069455; Hawkes, 753 F.2d at 357 (quoting 1 C. Wright, Federal Practice and Procedure § 142, at 469 (2d ed. 1982). "Duplicitous indictments present the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." United States v. Robinson, 627 F.3d 941, 957 (4th Cir. 2010). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." United States v. Kamalu, 298 F. App'x 251, 254 (4th Cir. 2008).

"[I]t is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute." United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011). Likewise, "[i]t is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive." United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009). "As a general rule, however, 'when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive…the verdict stands if the evidence is sufficient with respect to any one of the acts charged.'" Hawkes, 753 F.2d at 357 (quoting Turner v. United States, 396 U.S. 398, 420 (1970)).

A guilty conviction of a count pled conjunctively does not constitute guilt of two underlying offenses, but a single violation of the charging statute under either theory of violation. Vann, 660 F.3d at 774 (stating that a defendant convicted under a conjunctively charged indictment cannot be sentenced to a term exceeding the statutory maximum for the "least-punished" of the disjunctive statutory conduct). As the Seventh Circuit noted in Orzechowski:

> The Fourth and Sixth Circuits have taken the position that in cases where a single sale of a controlled substance gives rise to separate counts charging possession and sale there is in effect a merger of the two offenses permitting only one sentence upon conviction of both counts. Therefore, following this reasoning, to join possession and distribution in one count may not be duplicitous.

547 F.2d at 986 (internal citations omitted).

A conjunctively pled count may only be read disjunctively if the underlying offenses pled arise out of the same act and rely on the same evidence for proof. To be sure, Randall stands for the proposition that "possession with intent to distribute and distribution . . . are two different offenses," each of which requires proof of an element that other offense does not require. Randall, 171 F.3d at 209 (denying at the jury instruction phase the constructive amendment of an indictment to include possession, in addition to distribution, of a narcotic as a predicate offense to an 18 U.S.C. § 924(c) charge). Simply because Randall recognized that distribution and possession of controlled substances are different offenses with different elements does not mean that these offenses cannot be proven by the same acts. In this case, the government asserts that it will prove the distribution and possession offenses with evidence of the same drug dealing conduct. The holding in Randall does not render a count

5

in an indictment duplicitous where the government intends to present the same evidence, arising out of a single act, to prove both offenses charged in that count. Where the same evidence is relied upon to prove both charges, the indictment for possession and distribution is not duplicitous. United States v. Cosby, No. 3:17-CR-00131-JAG, 2017 WL 6347959, at *1 (E.D. Va. Dec. 12, 2017) (unpublished); Dykes, 2019 WL 3069455, at *1; Hawkes, 753 F.2d at 358. Here, Counts Six, Seven, and Eight each correspond to a controlled purchase made on a specific date to prove both the underlying offenses of possession and distribution. As the government posits, "[e]vidence of distribution and possession in this instance is one and the same - the act of transferring cocaine to a government agent is evidence of distribution as well as the defendant's intent to distribute." ECF No. 157 at 3. Nevertheless, as the court noted in Dykes, "[s]hould the evidence differ from the government's prediction, I may correct the problem by requiring the government to elect on which offense it intends to proceed or by jury instructions and a special verdict form." 2019 WL 3069455, at *1n.1 (citing United States v. Shumpert Hood, 210 F.3d 660, 663 (6th Cir. 2000)).

Accordingly, based on the government's assertion that the same act provides evidence as to both the possession and distribution charges in Counts Six, Seven and Eight, the motion to dismiss for duplicity must be **DENIED.**

An appropriate order will be entered.

It is so **ORDERED**.

Entered: May 14, 2020

Michael F. Urbanski
Chief United States District Judge