UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                                  )<br>)<br>JOVITO RAJNEESH VAUGHN,    )<br>)<br>Defendant.                                 ) | Case No. 7:19-CR-00024 |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT VAUGHN'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT(S)

Statement of the Case

On May 1, 2020, Defendant Jovito Rajneesh Vaughn ("Vaughn"), through appointed counsel, filed a Motion for Disclosure of Confidential Informant(s). (Document 163.) The Court on May 21, 2020, ordered the government to respond. (Document 170.) Prosecutors filed a Response in Opposition to Motion for Disclosure of Confidential Informant(s) on June 4, 2020. (Document 171.)

In an Order dated July 23, 2020 (Document 172), the Court directed the United States to supplement its previously filed memorandum. The government filed a Supplemental Response in Opposition to Motion for Disclosure of Confidential Informant(s) (Document 173) on August 6, 2020.

Vaughn now replies to the United States's supplemental submission and renews his motion that the Court compel the government to disclose without further delay the identity, whereabouts, and criminal history of the confidential informant it used in connection with the investigation that resulted in Counts Six, Seven, and Eight of the Superseding Indictment.

1

Argument

As the government makes clear in its memoranda, law enforcement agents claim to have conducted three controlled purchases directly from Vaughn. These three controlled purchases of contraband serve as the bases for Counts Six, Seven, and Eight. A confidential informant ("CI") was the buyer in one of the transactions. The CI witnessed one or both of the other sales, the government informs the Court in its initial memorandum.

> . . . [T]he Government notes that two of the controlled purchases from the defendant in this case were made by an undercover police officer, who was present for the other of the three buys. An informant made one purchase from the defendant in the presence of the undercover officer and was nearby for at least one of the other transactions.

(Govt. Opening Memo. Doc. 171, pp. 3-4.)

This admission by the United States is dispositive of the discovery motion before the Court. A CI made a controlled purchase of drugs from Vaughn, the government acknowledges. Vaughn is charged in Count Six, Seven, or Eight with serving as the seller in that monitored distribution. The Court would err as a matter of law and abuse its discretion were it to deny Vaughn's motion for disclosure on this set of representations by the United States.

Fourth Circuit precedent applying the due process mandates of the Fifth and Sixth amendments requires disclosure of an informant who participated in a controlled purchase of narcotics as a buyer or material witness. The Fourth Circuit re-examined and confirmed this rule in United States v. Mabry, 953 F.2d 127 (4th Cir. 1991).

> . . . [W]here the informant is an actual participant, and thus a witness to material and relevant events, fundamental fairness dictates that the accused have access to him as a potential witness. In such instances disclosure of identity should be required.

Mabry, 953 F.2d at 131 (quoting United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986)); see McLawhorn v. North Carolina, 484 F.2d 1, 6 (4th Cir. 1973).[1]

Judge Boyle more recently articulated the Fourth Circuit's unqualified Mabry rule that prosecutors must disclose an informant who participated in a controlled purchase of narcotics from the accused, particularly when the defendant is charged with violating 21 U.S.C. § 841 as a result of that illicit sale. In United States v. Webb, 2017 U.S. Dist. LEXIS 52704 (E.D. N.C. April 6, 2017), Judge Boyle declined to compel disclosure, but only because the defendant was not charged with selling drugs to the informant in issue.

> When a defendant is charged for a crime in which the information was a participant, disclosure of the informant's identity is required "where the informant is an actual participant, particularly where he helps set up the criminal occurrence." McLawhorn v. State of North Carolina, 484 F.2d 1, 5 (4th Cir. 1973). That is not the situation here, because defendant has not been charged with any of the alleged sales of drugs to the confidential informants.

Webb, 2017 U.S. Dist. LEXIS at *11.

Ignoring Fourth Circuit precedent on informants in the context of controlled drug purchases, the government relies heavily upon a decision that pre-dated Mabry, United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985). The government argues, citing Smith, that the pending motion to compel requires the Court to "balance" Vaughn's need for disclosure against the government's interest in protecting the confidentiality of its sources. (Govt. Supp. Memo., pp. 2-3, Doc. 173.) The prosecution claims it wins this contest of competing considerations because ". . . the Government has no evident need to call the informant as a witness at trial. As such, disclosure of the informant's identity should not be required." (Govt. Supp. Memo., p. 2, Doc. 173.)

---

[1] Vaughn does not know whether the controlled purchase by the CI is the subject of Count Six, Seven, or Eight. Defense counsel finds no written, audio, or visual documentation of an alleged controlled sale by Vaughn to the CI in the discovery materials produced to date by the prosecution.

The government's balancing test argument is inconsistent with the <u>Mabry</u> rule that courts must compel prosecutors to disclose confidential informants who make controlled purchases of drugs from defendants charged as a direct result of those undercover transactions. <u>Mabry</u>, 953 F.2d at 131; <u>Price</u>, 783 F.2d at 1138; <u>McLawhorn</u>, 484 F.2d at 6; <u>Webb</u>, 2017 U.S. Dist. LEXIS at *11. <u>Smith</u>, 780 F.2d at 1108 does not support the government's balancing test alternative to the <u>Mabry</u> rule. <u>Smith</u> did not involve a controlled purchase of drugs. Smith was an espionage prosecution under the Classified Procedures Act. Particularly since narcotics distribution was not in issue, <u>Smith</u> is not on point. The decisive consideration under <u>Mabry</u>, moreover, is not whether the government plans to call the informant as a witness against the defendant at trial. The dispositive issue is whether the defendant is charged with selling drugs to the informant. Vaughn's rights to disclosure do not hinge on the government's anticipated witness list. See <u>United States v. Yates</u>, 2014 U.S. Dist. LEXIS 93080, *5-*6 (W.D. Va. July 9, 2014); <u>United States v. Hutson</u>, 2010 U.S. Dist. LEXIS 26850, *6 (W.D. Va. Mar. 22, 2010).

The government points also to <u>United States v. Brown</u>, 178 F.R.D. 88 (W.D. Va. 1998) for the following proposition: "The presence of an informant during criminal activity does not, in itself, compel disclosure of the informant's identity." (Govt. Supp. Memo., Doc. 173, p. 2.) Compare the government's creative reconstruction of Judge Michaels's opinion with what Judge Michaels actually said in <u>Brown</u> when he denied the defendant's motion for disclosure.

> While disclosure may be required when a confidential informant is known to have been an integral participant in the crime charged against a defendant, <u>United States v. Price</u>, 783 F.2d 1132, 1138 (4th Cir. 1986), in this instance Mr. Brown only surmises and baldly declares that such was the case. The court notes, of course, that <u>some</u> degree of participation by a confidential informant in the criminal activity with which a defendant is charged does not by itself compel disclosure of that informant's identity. <u>United States v. Brinkman</u>, 739 F.2d 977 (4th Cir. 1984) (disclosure not required when informant acted as "middleman" who introduced undercover agent to defendant).

4

> Because here the defendant offers nothing more than speculation as to the degrees of the confidential informants' roles, if any, in the crimes charged against him, the court will deny the motion.

Brown, 178 F.R.D. at 89-90 [emphasis in the original].

Judge Michaels's analysis in Brown does not support the government's attempt to erode the Mabry rule. Unlike Brown, Vaughn is not speculating about the role of the CI. The government in its Supplemental Memorandum admits the CI directly participated in one of three controlled purchases from Vaughn. The CI was not some middleman or tipster. He was the purchaser.

The United States cites several unpublished Fourth Circuit opinions in response to Vaughn's motion. But these decisions directly undermine rather than shore up the government's untenable position that prosecutors need not reveal the CI to Vaughn because they may not call the informant as a trial witness. For instance, one of the unpublished Fourth Circuit opinions the government cites in its Supplemental Memorandum restated the Mabry rule succinctly.

> . . . This court has determined that disclosure is required where the informant is an active participant in the crime, "particularly where [she] helps set up the criminal occurrence."

United States v. Distance, 404 Fed. Appx. 746, 747 (4th Cir. Dec. 9, 2010) (unpublished) (quoting McLawhorn, 484 F.2d at 5).

United States v. Hines, 407 Fed. Appx. 723 (4th Cir. 2011) (unpublished), another decision cited by the government, affirmed the district court's refusal to compel disclosure of an informant who arranged but did not participate in a drug transaction. The district court properly denied disclosure because the informant ". . . was something less than a participant." Hines, 407 Fed. Appx. at 734. This unpublished, per curiam opinion lends no credence to the government's position. Vaughn is charged in Count Six, Seven, or Eight with selling narcotics directly to the CI under controlled conditions.

5

Just as improvident is the United States's citation to United States v. Hodges, 217 Fed. Appx. 275 (4th Cir., Feb. 21, 2007) (unpublished), a per curiam decision of little precedential value that did not concern drug trafficking. The Fourth Circuit there summarily affirmed Judge Wilson's refusal to compel disclosure of a cooperator whose involvement was limited to providing information that climaxed in execution of a search warrant. "Where the informant is used only for the purpose of obtaining a search warrant, and not in connection with the offense charged, the informant's identity need not be disclosed," the Fourth Circuit explained. Hodges, 217 Fed. Appx. at 276. Here, in contrast, the CI was most certainly ". . . used . . . in connection with the offense charged." Id.

## Conclusion

For the foregoing reasons, the Court should grant Vaughn's Motion for Disclosure of Confidential Informant(s).

## Renewed Request for Oral Argument

Defense counsel respectfully renews his request for oral argument on this pending motion.

JOVITO RAJNEESH VAUGHN

By:   s/Paul G. Beers
      Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Jovito Rajneesh Vaughn

Certificate of Service

I hereby certify that on August 11, 2020, I electronically filed the foregoing Reply Memorandum in Support of Defendant Vaughn's Motion for Disclosure of Confidential Informant(s) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    s/Paul G. Beers
    Paul G. Beers