IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOVITO RAJNEESH VAUGHN, )<br>)<br>Defendant. ) | Case No. 7:19-CR-00024-5<br><br><br>By: Michael F. Urbanski<br>Chief U.S. District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Jovito Rajneesh Vaughn's motion for disclosure of the government's confidential informant(s), filed on May 1, 2020. ECF No. 163. Vaughn seeks the identity of the confidential informant(s) whose testimony the government relied on in charging him with three counts of cocaine distribution. The court ordered the United States to respond to Vaughn's motion for disclosure on May 21, 2020. ECF No. 169. The government filed their response on June 4, 2020, arguing that the motion to disclose was premature because they had no present intention of requiring the confidential informant(s) to testify at trial and Vaughn had failed to show a specific need for disclosure to prepare his defense. ECF No. 171. It requested the court deny Vaughn's motion for the time being.

After reviewing the respective arguments, the court ordered the government on July 23, 2020 to provide supplemental briefing as to whether it possessed audio or video recordings of the activity underlying the three counts of drug distribution. ECF No. 172. The government filed a brief on August 6, 2020 confirming that audio and video recordings of the three controlled purchases on which the three cocaine distribution counts are based do exist. Vaughn replied to the government on August 11, 2020, arguing that the existence of audio

1

and video recordings did not obviate the need for disclosure of the confidential informant's identity. ECF No. 174. Vaughn filed a supplemental brief on September 18, 2020, representing that the parties had conferred about his need for the confidential informant's identity, and stated that the government had not produced to Vaughn written or recorded materials about the three controlled purchases. ECF No. 177.

## I.

Vaughn has been charged with three counts of distribution of cocaine and conspiracy to distribute methamphetamine, heroin, cocaine, and fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1). Superseding Indictment, ECF No. 46. Vaughn claims that material produced by the government during discovery suggests the existence of one or more informants that will help the government prove at trial that they conducted controlled purchases of cocaine on the three dates identified in Count Six, Seven, and Eight of the Superseding Indictment. ECF No. 163. He claims that the identity of the informant(s) must be disclosed pursuant to the Fifth and Sixth Amendments of the Constitution because the credibility of the informant(s) is at issue and so their "knowledge and criminal conduct are highly relevant to all charges against Vaughn" and necessary to "conduct a thorough pre-trial investigation." Id.

The government confirmed that a single confidential informant was the purchaser in one controlled buy and that while an undercover officer was the purchaser in the other two buys, the informant was present for them. ECF No. 171, at 3-4. It argues that while disclosure of the informant's identity might be necessary at a later date, it is not necessary right now because Vaughn has not met the requisite showing of "specific need for the identity of any confidential informant" nor has the government decided yet whether it plans to call the

informant at trial. Id., at 3. The government counsels denying the instant motion and revisiting the question only if necessary, at a later date. Id., at 4. Although the government possesses audio and video recordings of all three controlled purchases, ECF No. 173, at 2, this material has not been provided in discovery to Vaughn, ECF No. 176, at 2. Although the government agrees it may need to hand over such material prior to trial, it claims the Joint Discovery and Inspection Order, ECF No. 149, does not require disclosure any earlier than two weeks prior to trial, currently set for March 22-26, 2020. Id. Specifically, it claims it may hand over material related to the two controlled purchases executed by the undercover agent at a date closer to trial, provided the confidential informant's identity is not compromised. ECF No. 176-1.

Vaughn replied to the government's supplemental briefing, claiming that it was immaterial whether the government intended to call the confidential informant as a witness at trial. ECF No. 174, at 4. The dispositive fact, Vaughn argues, is that the informant was the direct purchaser in at least one of the controlled purchases underlying the counts of cocaine distribution, and therefore is a firsthand witness with potential testimony that might aid the defendant's case. Id. Vaughn also claims the government's prematurity argument is unavailing, because courts regularly order prosecutors to disclose material related to, and the identity of, confidential informants upon a showing by defendant that the source has relevant and significant testimony to offer. ECF No. 176, at 3.

## II.

The Supreme Court has held that the government has a qualified "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957)

(citation omitted). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60–61 (footnote omitted). In determining whether to require disclosure, a district court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id.

The Rovario Court declined to craft a bright-light rule. Id. Instead, it held that "[i]n making this determination, the court should consider the circumstances of the case, including (1) the crime charged, (2) the defendant's possible defenses, (3) the possible significance of the informer's testimony, and (4) any other relevant factors." Id. The defendant bears the burden of demonstrating that the Roviaro criteria apply in favor of disclosure. United States v. Distance, 404 F. App'x 746, 747 (4th Cir. 2010) (citing United States v. D'Anjou, 16 F.3d 604, 609 (4th Cir. 1994). Ultimately, the decision of whether to require disclosure of a confidential informant lies within the sound discretion of the district court. United States v. Gray, 47 F.3d 1359, 1363 (4th Cir. 1995).

The Fourth Circuit has acknowledged that the Supreme Court "declined to adopt a bright-line rule for determining when a defendant may pierce the privilege," but that generally speaking, "the government is privileged to withhold the identity of [an] informant when [he] was a 'mere tipster,' or was used only for obtaining a search warrant," but not when he was an "active participant in the events leading to the arrest of the accused." United States v. Bell, 901 F.3d 455, 466 (4th Cir. 2018), cert. denied, 140 S. Ct. 123 (2019) (quoting Gray, 47 F.3d at 1365). The Fourth Circuit has held that an active participant is something more than a middleman. United States v. Brinkman, 739 F.2d 977 (4th Cir. 1984) (holding an informant

4

who introduced the undercover agent to the defendant did not constitute an active participant); United States v. Armstead, 936 F.2d 567 (4th Cir. 1991) (holding an informant to whom the defendant offered to sell crack was not an active participant because he "did not enter into the negotiations over price, did not pay for the drugs, and did not ever touch the drugs or the money."). An individual who is so intimately involved in crime that he can provide a substantive firsthand account is more likely to be found an "active participant," especially in "cases where the informant is the only witness other than the defendant who has firsthand knowledge of critical portions of the criminal activity." United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir. 1992) (citing Roviaro, 353 U.S. at 63-64; United States v. Price, 783 F.2d 1132, 1139 (4th Cir. 1986)). However, the Fourth Circuit cautioned against getting "caught up in the semantics," and instead, encouraged courts to focus on balancing competing interests in light of the circumstances of the case. United States v. Mabry, 953 F.2d 127, 131 (4th Cir. 1991).

Not only must the defendant demonstrate the informant was integral to the charged crime, but he must also provide concrete support for his argument that the informant's identity is necessary to his defense. "Indeed, this circuit has made clear that the onus is on the defendant to 'come forward with something more than speculation as to the usefulness of such disclosure.'" Blevins, 960 F.2d at 1258–59 (quoting United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985)). It is no excuse if the defendant does not know the exact role of the informant or the nature of the testimony he could provide. Smith, 780 F.2d at 1108 ("Disclosure is not required despite the fact that a criminal defendant may have no other means of determining what relevant information the informant possesses.") "Disclosure is only required after a court has determined that the informer's testimony is highly relevant" to

5

defending against the specific crimes on trial. Id. (citation omitted). Even if the informant was an active participant in criminal activity involving the defendant, disclosure is not required if it was not one of the crimes that was to be proved at trial. Bell, 901 F.3d at 467 (denying disclosure was necessary when the informant was an active participant in a crime that was the basis for a search warrant but not one charged in the indictment); United States v. Murel, 502 F. App'x 291, 293 (4th Cir. 2012) (finding no specific basis for disclosure when the informant was not involved in the crimes charged and defendant offered nothing more than "rank speculation" as to how the identity of the informant was relevant to his defense). "The decision of whether the testimony of the informer will be relevant and helpful is usually within the trial judge's discretion." Smith, 780 F.2d at 1108.

### III.

Here, Vaughn claims disclosure of the government informant's identity is warranted because the informant executed one of the three controlled purchases charged in the case and his testimony is therefore "highly relevant." ECF No. 164, at 2. The government, for its part, concedes that the informant acted as more than a mere tipster, making one of the controlled purchases alleged and witnessing at least one of the other two. Instead, it argues that disclosure is inappropriate at this time because (1) Vaughn has not provided any specific reasons why the identity of the informant is necessary to his defense, and (2) the informant is not integral to the government's proof of this crime. ECF No. 171, at 3-4. Further, at the hearing, the government indicated that the informant in question is still serving as an active informant and they believe disclosing his identity would compromise the investigations to which he contributes. Although the court recognizes the importance of protecting government

witnesses from harm, it finds that there is no suggestion of harm in this case. As such, the court concludes that discovery regarding the controlled purchases alleged in the indictment is necessary.

A confidential informant that executed one of the alleged drug transactions charged in the Superseding Indictment and witnessed two, and possibly more, other drug transactions is an active participant. United States v. Hutson, No. 1:10CR00002-006, 2010 WL 1141529, at *2 (W.D. Va. Mar. 22, 2010) (finding disclosure necessary of the identity of informants who either witnessed one or more defendant possess, purchase, or distribute the drugs implicated in the criminal complaint). In considering the first Roviaro factor, the significance of the informant's testimony, the court finds the informant's potential testimony critical to the defendant as he is a firsthand witness to the crime charged. In McLawhorn v. State of N.C., the Fourth Circuit found an informant an active participant when he introduced the undercover officer to defendant, set up a sale, negotiated the price, took delivery of the drug, and paid at least in part the purchase price. 484 F.2d 1, 6 (4th Cir. 1973). In Price, an informant introduced the defendant to the undercover agent, aided the undercover agent in perpetrating the crime, and was the only witness who could testify as to the identity of the defendant. 738 F.2d at 1139. Here, the informant executed one of the three controlled purchases, forming the basis for one of the three counts of cocaine distribution, and was present for at least one of the two other controlled purchases that were executed by an undercover officer. The informant was plainly an active participant in the charged crimes.

Roviaro also requires the court to ascertain the significance of the informant's testimony to a specific theory of defense such as misidentification of the defendant,

7

misidentification of the substance, or entrapment. See Blevins, 960 F.2d at 1258 (finding that although the informant acted at times on his own, at the behest of the DEA, and was present for "virtually all of the crucial events leading up to the arrest," disclosure was unwarranted because defendants "did not make the requisite showing to the district court of their need for the disclosure"). The government argued in its brief that Vaughn is not entitled to immediate disclosure because he did not articulate a specific need for the identity of the informant. It claims the audio and video recordings of each controlled purchase corroborate its allegations and diminish the value of the informant's testimony. It also indicates it intends to use the undercover agent as a witness at trial, to provide a firsthand account of each of the buys and to authenticate any recorded material introduced into evidence. Moreover, the government has verified that separate surveillance evidence exists of "the defendant and his vehicle(s)" as well as the "defendant's voice in set-up calls for the drugs" to independently corroborate the identification of the defendant as the subject in the video.

The availability of an undercover office to corroborate the facts underlying the charges does not obviate the value of an informant's testimony. See e.g., Price, 738 F.2d at 1139. First, the court notes that the government did not disclose the identity of the undercover officer. Second, the court finds that an informant can cast aspersions on the manner in which the investigation was carried out. In McLawhorn, the presence of an agent did not render the identity of the informant useless because the informant's "testimony might have disclosed an entrapment," or given the circumstances of the crime, he might have "thrown doubt upon petitioner's identity or on the identity of the package," which were possible defenses asserted by the defendant. 484 F.2d at 6-7 (quoting Roviaro, 353 U.S. at 64). At the hearing, Vaughn

8

stated that there is a discrepancy between the grand jury transcripts, during which an officer was questioned about how much the confidential informant paid for drugs during each of the three controlled purchases, and the government's representations that an officer carried out two of the three controlled purchases. Vaughn argues that the informant's testimony could explain the factual discrepancy and may reveal an underlying problem with the indictment.

The government agreed that if such a discrepancy exists, then the informant's testimony would be significant, but maintains that disclosure of the requested material is not necessary at this time. At the hearing, the government proposed revisiting the issue of disclosure after January 1, 2021, when both parties would have a better understanding about whether the case was going to trial and if so, whether the government intended to call the informant as a witness. The government raised concerns about the informant's safety, arguing that disclosing his identity would put him at risk as a continued asset in other investigations. However, the government conceded that they are not aware of any threats made against the informant, by Vaughn or otherwise, or any indication that Vaughn knows this informant. Absent any showing by the government of any genuine concern over the safety of its confidential informant, there is no basis upon which the government may withhold discovery substantial to Vaughn's defense. See United States v. Woody, No. CRIMA 7:05CR00110, 2006 WL 2303113, at *6 (W.D. Va. Aug. 9, 2006) (denying the motion for disclosure in a "very close" case because the government argued potential threat by the defendant who had made statements about "taking care of" informants, despite finding that the informant was a participant in the controlled buys).

The court agrees with a South Carolina district court, which held that the government did not retain its privilege to withhold audio and video of three controlled purchases of drugs from the defendant until two weeks prior to jury selection. United States v. Barr, No. CV 4:19-CR-978-DCC, 2020 WL 4572891, at *6 (D.S.C. Aug. 7, 2020). "When an AUSA chooses to indict a single-defendant substantive drug case involving the sale of drugs to a confidential informant, the Court strongly encourages the Government to reflect upon the problems that belated disclosure of the video can cause with both the practical and legal aspects of a case." Id. at *7. The court agrees. Indeed, the court has seen too many recent examples of problems caused by belated discovery disclosures on the eve of trial, or sometimes during trial, and finds the government's request for delayed production unavailing.

Accordingly, the court **GRANTS** Vaughn's motion for discovery of the audio and video recordings and written reports of the controlled purchases charged in Counts Six, Seven, and Eight of the Superseding Indictment. The government is **DIRECTED** to produce this discovery by October 31, 2020. If there are any issues regarding identity of the confidential informant remaining post-production of this discovery, the parties may raise them with the court at that time. In addition, should the government become aware of evidence demonstrating a genuine concern for the safety of any witness, the government is **DIRECTED** to file an appropriate motion for protective order.

It is so **ORDERED**.

Entered: September 30, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.09.30 10:26:48
-04'00'

Michael F. Urbanski
Chief United States District Judge

11