UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| ) | Case No.  7:19-CR-24 |
| v. ) | |
| ) | |
| NORA HARPER, et al. ) | |
| ) | |

**UNITED STATES' MOTION IN LIMINE REGARDING POTENTIAL IMPEACHMENT UNDER FED. R. EVID. 609**

The United States respectfully moves *in limine*, pursuant to Federal Rule of Criminal Procedure 12, to limit the impeachment of Ashley Bryant—one of the government's expected witnesses—based on any prior prostitution conviction or evidence or uncharged acts of prostitution.

### CASE BACKGROUND

This case involves the alleged possession with the intent to distribute and distribution of heroin and cocaine by Nora Harper, Kehana James, and Jovito Vaughn; an alleged conspiracy between Nora Harper, Lethaniel Harper, Kehana James, Jovito Vaughn and others to possess with the intent to distribute and distribute heroin and methamphetamines; and the alleged unlawful possession of firearms by Nora Harper.

### ARGUMENT

Federal Rule of Evidence 609 provides that under certain circumstances a party may attack a witness's credibility with evidence of that witness's prior criminal conduct. In effect, the rule posits that a witness's previous willingness to commit a

1

serious crime may suggest that the witness is also willing to provide false statements under oath. *See* 28 Fed. Prac. & Proc. (Wright & Miller) Evid. § 6132 (2d ed.). Importantly, Rule 609 speaks strictly of evidence of the "conviction," and the admissibility of certain convictions is tempered by the balancing considerations of Federal Rule of Evidence 403, *see, e.g.*, Fed. R. Evid. 609(a)(1), meaning that information that is unduly prejudicial and not probative of a witness's credibility need not and should not be admitted.

Applying those principles here, the government submits that the defendants should not be permitted to impeach Ashley Bryant on the basis of her prior misdemeanor conviction for prostitution or any evidence related to uncharged acts of prostitution. As a misdemeanor, the conviction likely does not fall within the ambit of Rule 609. In addition, the crime of prostitution does not relate to Ms. Bryant's credibility—none of the crime's elements include fraud, lying, or dishonesty; and there are often a variety of tragic reasons (e.g., drug addiction, abuse, or poverty) that may lead a person to prostitution.[1] Finally, the risk of unduly and unnecessarily stigmatizing or shaming the witness far outweighs any probative impeachment value. The government recognizes that Ms. Bryant has been convicted of other crimes, and does not dispute that some subset of those convictions (e.g., larceny) would be admissible as impeachment. But the government respectfully submits that the Court

---

[1] For these same reasons, the government submits that any uncharged acts of prostitution would be inadmissible under Federal Rule of Evidence 608.

2

should preclude the defendants from relying on any prior acts of prostitution, charged or uncharged, for the purposes of impeaching Ms. Bryant.

> Respectfully submitted,
>
> DANIEL P. BUBAR
> Acting United States Attorney
>
> /s/ Jonathan Jones
>
> Kari K. Munro
> Jonathan Jones
> United States Attorney's Office
> 310 1st Street SW, Suite 906
> Roanoke, VA 24011
> (540) 857-2250

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> s/ Jonathan Jones
> Assistant United States Attorney