IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:19-cr-24 |
| v. | ) | |
| | ) | |
| NORA LATRIECE HARPER, et al., | ) | By: Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

## ORDER

The trial of this case is scheduled for six days, beginning June 2, 2021. In order to administer the trial in a manner that is fair, just, and efficient during the public health crisis posed by the COVID-19 pandemic, it is **ORDERED** as follows:

1. The jury will consist of twelve (12) persons, plus two alternates. To assist with the selection of the jury, the court has requested that summonsed jurors return jury questionnaires.

2. Utilizing the information in the returned jury questionnaires, the attorneys will be permitted to conduct voir dire after preliminary questions from the court. The court's voir dire will solicit any requests from jurors to be excused from jury duty on the grounds of hardship, including that posed by the pandemic, and the court will determine such requests before turning voir dire over to the attorneys. Attorneys' voir dire is expected to be limited to relevant questions and not consist of disguised argument on the merits of the case.

3. Because of social distancing requirements necessary to protect the public health during the COVID-19 pandemic, the venire will be summonsed in four (4) randomly selected panels of eighteen (18) prospective jurors. The panels are

1

scheduled for 9, 11, 1, and 3. After each panel is questioned, counsel will be given an opportunity to make challenges for cause and peremptory challenges pursuant to Federal Rule of Criminal Procedure 24. Under that rule, defendants will have eleven (11) peremptory challenges and the government will have seven (7). Once fourteen (14) unchallenged jurors are identified, jury selection will cease. The two alternate jurors will be selected randomly from the fourteen (14) unchallenged jurors.

4. Court will begin promptly at 9:30 a.m. The court will take a 15-minute morning recess at 11:00 a.m., a one-hour lunch break at 1:00 p.m., and a 15-minute afternoon recess at 3:15 p.m. Court will adjourn at 5:00 p.m.

5. Opening statements must summarize objectively the key facts, without argument. In most cases, an opening statement should not exceed ten or fifteen minutes. If there may be a dispute as to admissibility of any evidence or exhibit, counsel must omit it from the opening statement or advise opposing counsel of the intent to refer to such evidence or exhibit, so that opposing counsel may seek a ruling from the court.

6. BOX will be used in the trial of this case. Counsel must upload into BOX all electronic exhibit files on a USB drive, DVD, or CD one week prior to trial. It will be assumed that all exhibits have been previously disclosed and that there is no objection to an exhibit unless promptly made. The use of the evidence display device is required, so that witnesses need not be handed exhibits, but no

evidence is to be displayed to the jury until it has been admitted if there is any question as to its admissibility.

7. Requests for exclusion of witnesses from the courtroom should be made before opening statements. Although the exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, there must be no disclosure of courtroom testimony given to the excluded witnesses by any person. Witnesses should be released from further attendance as soon as they are no longer needed. After testifying, a witness is deemed released unless counsel or the court promptly indicates that the witness is not so excused. Cooperative witnesses not immediately needed may be placed "on call." Counsel remain responsible for having sufficiently available witnesses so that the trial may proceed without early adjournments or lengthy recesses. The prosecution should keep defense counsel advised of the progress of the government's case so that the defense may be ready to proceed promptly following the conclusion of the government's case-in-chief. Physical exhibits admitted into evidence are in the custody of the courtroom deputy clerk and must be returned to the clerk once examination of a witness is completed.

8. The court, court staff, counsel, jurors, and others in the courtroom will be required to wear masks except when speaking. Witnesses will be masked except during their testimony. Counsel may address the court, witnesses, or the jury while seated or standing.

9. Objections must be succinct. If argument is needed, the court will so indicate. Side bar or bench conferences that disrupt the orderly presentation of evidence are discouraged, and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court sessions. Accordingly, counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the court ahead of time. To maximize social distancing during the pandemic and to minimize unnecessary jury movement, side bar and bench conferences will be conducted in the jury room adjacent to the courtroom.

10. Prior to the charge conference, the court will provide counsel with proposed jury instructions. A charge conference to address objections to the proposed jury instructions will be conducted on the record. The court will charge the jury prior to closing argument by counsel. The jury will be provided with a written copy of the court's final jury instructions.

11. The jury will have access to all trial exhibits introduced into evidence by means of BOX. Any physical exhibits admitted into evidence but not on BOX will be provided to the jury. It is counsel's responsibility to make sure that all of their trial exhibits are moved into evidence and available to the jury.

12. Closing arguments are normally limited to 30 minutes for each side, with an additional 10 minutes reserved for any necessary rebuttal, except in unusual circumstances and after obtaining leave of court.

13. During jury deliberations, counsel are expected to remain in the courthouse should jury questions arise. Counsel may be temporarily excused with leave of court but must be immediately accessible to the court by cellphone.

14. Following the trial counsel may not discuss the case with jurors without leave of court.

It is so **ORDERED**.

Entered: 05-18-2021

_____
Michael F. Urbanski
Chief United States District Judge