## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 7:19-cr-24** |
| **v.** | ) | |
| | ) | |
| **NORA LATRIECE HARPER, et al.,** | ) | By:    Michael F. Urbanski |
| **Defendants.** | ) | **Chief United States District Judge** |

### ORDER

This matter is before the court on (1) defendant Lethaniel Charles Harper's motion <u>in limine</u> regarding uncharged overdoses, ECF No. 297, and the government's motions <u>in limine</u> regarding (2) sentencing information, ECF No. 298; (3) impeachment concerning prior conviction, ECF No. 299; and (4) Nora Harper's statement implicating a codefendant, ECF No. 300. Defendant Kehana Renee James joins Lethaniel Harper's motion. ECF No. 304. Following the pretrial conference held on May 20, 2021, the court **DENIES** ECF No. 297, **GRANTS in part** and **DENIES in part** ECF No. 298, **GRANTS** ECF No. 299, and **GRANTS** ECF No. 300. For the reasons stated on the record and as outlined below, the court rules as follows:

1.    The court **DENIES** the motion <u>in limine</u> regarding uncharged overdoses. In the light most favorable to the government, the government asserts that it can show a direct link between heroin sold from Nora Harper to Ashley Bryant to J.M. and D.Q., resulting in the overdoses of both J.M. and D.Q. Under Federal Rule of Evidence 404(b), D.Q.'s testimony concerning the source of the heroin is relevant to the issue of the drug conspiracy, and D.Q.'s experience with the heroin obtained from the same source and in the same manner as the heroin

provided to J.M., allegedly resulting in the charged overdose, is relevant to both the charged conspiracy and claimed enhancement. The government indicated that it does not intend to introduce evidence of other overdoses. As such, this aspect of defendant's motion in limine is **DENIED as moot**. The government may introduce evidence of the prevalence of Red Smiley Face heroin products in Roanoke to support its conspiracy allegation.

2.      The court **GRANTS in part** and **DENIES in part** the motion in limine regarding sentencing information. Defense counsel is precluded from making argument as to the potential penalties faced by defendants. As to the government's cooperating witnesses, the Sixth Amendment provides defense counsel with wide latitude in cross-examining cooperating witnesses as to their motive for testifying and their subjective understanding of what they expect to gain by their testimony.

3.      The court **GRANTS** the unopposed motion in limine disallowing impeachment of a cooperating witness with a prior misdemeanor conviction not involving dishonesty under Federal Rule of Evidence 609(a)(2).

4.      The court **GRANTS** the motion in limine concerning the June 20, 2017 interview of Nora Harper. Because the government has redacted the interview to exclude information regarding a codefendant, the interview is admissible and does not violate the codefendant's Confrontation Clause rights pursuant to the Sixth Amendment and Bruton v. United States, 391 U.S. 123 (1968).

It is so **ORDERED**.

Entered:   May 24, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.05.24 19:20:36 -04'00'

Michael F. Urbanski
Chief United States District Judge